NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph George Carter,<br><br>  Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>  Respondents. | No. CV-21-08110-PCT-SRB<br><br>**ORDER** |

Petitioner, Joseph Carter raises a single claim in his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed on May 17, 2021 arising out of his third Arizona state court conviction in 2019. Petitioner claims a violation of the Interstate Agreement on Detainers ("IAD") but unlike his other two habeas cases (CV21-08075-PCT-SRB and CV21-08094-PCT-SRB) Petitioner admits that he failed to exhaust this claim in state court.

The Magistrate Judge filed his Report and Recommendation on June 2, 2022. The Magistrate Judge related that after Petitioner's conviction an appeal was filed in the Arizona Court of Appeals but his counsel filed an *Anders* brief. Despite being given the opportunity to do so, Petitioner failed to file a supplemental *pro se* brief. After his conviction was affirmed on appeal, Petitioner filed a Notice of Post-Conviction Relief and appointed counsel was unable to find a colorable claim. Once again Petitioner failed to file a *pro se* petition despite being given the opportunity to do so. One hundred and sixty days after the extended deadline given for Petitioner

to file his *pro se* petition, the state court dismissed the Post-Conviction Relief proceedings. The Magistrate Judge found that Petitioner had procedurally defaulted his IAD claims without excuse rejecting Petitioner's assertion that contracting COVID excused his procedural default. The Magistrate Judge cited Petitioner's filing of *pro se* supplemental briefs in his other two criminal cases during this same time period and the lengthy time period Petitioner was afforded before his Post-Conviction Relief proceedings were dismissed. The Magistrate Judge recommended that Petitioner's habeas petition be denied and dismissed with prejudice.

In his timely filed Objections, Petitioner admits his procedural default but argues again that it should be excused "due to personal exhaustion, exigencies of the global pandemic… and sheer weariness at having to fight with lawyers to get his IAD violation heard." (Doc. 31, Obj. to R & R at 3.) He claims he was too ill to submit a brief to the Arizona Court of Appeals. But Petitioner fails to address the more than six months that elapsed between June 22, 2020, the date his Post-Conviction Relief counsel requested that Petitioner be given 45 days to file a *pro se* petition, and the state court's dismissal of his Post-Conviction Relief proceedings on January 21, 2021. Illness due to COVID could not excuse this failure to exhaust.

The Court agrees with the Magistrate Judge that Petitioner's IAD claim is procedurally defaulted without excuse and his habeas petition must be denied and dismissed with prejudice.

**IT IS ORDERED** overruling Petitioner's Objections to Magistrate Judge's Report and Recommendation. (Doc. 31)

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 28)

**IT IS FURTHER ORDERED** denying the Petition for Writ of Habeas Corpus and dismissing it with prejudice. (Doc. 1)

**IT IS FURTHER ORDERED** denying any Certificate of Appealability and leave to proceed in *forma pauperis* on appeal because dismissal of the Petition is justified by a

plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

Dated this 5th day of July, 2022.

_____
Susan R. Bolton
United States District Judge